COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH

PLYMOUTH, ss.

CIVIL ACTION
NO. 2183CV00253

TERRASOL, and
IAN WOODS, Plaintiff(s)

vs.

CITY OF BROCKTON, et al, Defendant(s)

## SUMMONS

To the above-named defendant: CITY OF BROCKTON

You are hereby summoned and required to serve upon Elizabeth M. Clague plaintiffs' attorney, whose address is 142 MAIN ST., Ste 304 BROCKTON, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Brockton, the 26th day of JvH, in the year of our Lord ~~one thousand nine hundred and~~ 2021.

*Service will be accepted electronically at Attyeclague@gmail.com

Francis R. Powers
CLERK.

### NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To plaintiff's attorney: please circle type of action involved — Tort — Motor Vehicle Tort — Contract — Equitable Relief — **Other.**

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................., 19 ....., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)): AND INCLUDED REQUESTS FOR PRODUCTION OF DOCUMENTS.

Dated: ................, 19

A TRUE COPY, ATTEST
7/27/21
DEPUTY SHERIFF

N.B. TO PROCESS SERVER:—
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

..............., 19 .

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office at Brockton.

Form 1

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss

SUPERIOR COURT DEPARTMENT
BROCKTON SESSION
DOCKET NO. 2183CV00253

| | |
|---|---|
| TERRASOL, LLC, and<br>IAN WOODS,<br>      Plaintiffs<br><br>VS.<br><br>BROCKTON CITY COUNCIL, and<br>CITY OF BROCKTON, and<br>CITY COUNCILOR AT LARGE<br>WINTHROP H. FARWELL, JR.<br>and<br>CITY COUNCILOR JEFFREY<br>THOMPSON, and<br>CITY COUNCILOR SUSAN<br>NICASTRO, and<br>CITY COUNCILOR DENNIS<br>EANIRI, and<br>CITY COUNCILOR TIMOTHY<br>CRUISE, and<br>LEGISLATIVE COUNSEL<br>SHANNON RESNICK,<br>AS INDIVIDUALS AND IN<br>THEIR OFFICIAL CAPACITIES<br>      Defendants | **FIRST<br>AMENDED<br>COMPLAINT** |

## Parties

1. Terrasol, LLC is a resident, Black-owned Brockton company whose site plans for operations of a retail cannabis facility have been approved by the Brockton Planning Board, whose application has been approved by the Brockton Zoning Board of Appeals and which has been granted provisional approval to operate by the Commonwealth's Cannabis Control Commission.

1

2. Ian Woods is a longtime Brockton Resident and majority owner of Terrasol, LLC designated as a social equity applicant for cannabis retail licensing and permits by law.

3. The Brockton City Council is the legislative body charged with licensing of retail cannabis sales by the city's cannabis ordinance.

4. The City of Brockton is a municipality governed and organized by the laws of the United States, the Commonwealth and its charter and ordinances and subject to the Commonwealth's Declaration of Rights and the United States Constitution.

5. Winthrop H. Farwell, Jr. is a Brockton City Councilor at Large.

6. Jeffrey Thompson is a Brockton City Councilor representing Ward 5.

7. Susan Nicastro is a Brockton City Councilor representing Ward 4.

8. Dennis Eaniri is a Brockton City Councilor representing Ward 3.

9. Timothy Cruise at the time of the transactions and occurrences specified herein was a Brockton City Councilor representing Ward 1.

10. Shannon Resnick is employed by the City of Brockton as Legislative Counsel to the Brockton City Council.

**Facts**

11. In 2017 Chapter 94G providing for the retail sale of cannabis products became law.

12. The statute provided for the legal sale of cannabis products and the municipal and state regulation of businesses engaged in those sales subject to the rights of business operators.

13. The Brockton City Council passed and the City adopted an ordinance providing for the sale of cannabis products in February 2019, which gave the City Council ninety (90) days from date of application to hear and vote to approve or deny approval of the license, where in the absence of timely action pursuant to the ordinance and the Council's failure to act in violation of its own rules the license for Terrasol, LLC was constructively approved on or about January 29, 2021.

14. On November 20, 2019 Terrasol, LLC executed a Host Community Agreement or HCA with the City of Brockton pursuant to G.L. c. 94G and the City of Brockton Ordinance.

15. Terrasol, LLC subsequently met the technical review requirement of obtaining site plan approval by the Brockton Planning Board.

16. Terrasol, LLC met the requirement of obtaining special permitted use approval from the Brockton Zoning Board of Appeals and no appeals were filed.

17. By October 2020 Terrasol, LLC had a completed application placed on the agenda of the Brockton City Council for final approval at its November 9, 2020 public hearing.

18. At that time Terrasol, LLC was the only qualified applicant, the only applicant with a completed application for one of the remaining licenses to be awarded by the City Council, the only local resident-owned, the only Black male-owned and the only social equity applicant before the City Council.

19. Defendant Resnick told the Plaintiffs, Defendant City Councilors and publicly opined that another applicant had a "grand-fathered" entitlement to one of the outstanding licenses. She also said the City Council had only two options: To deny the license or continue the hearing.

20. Subsequently the Brockton City Solicitor publicly corrected that claim.

21. Still the Terrasol, LLC completed application despite a full public hearing which was completed and closed and in violation of the City Council's own rules of order which require the Council to act upon a hearing that is closed instead was not acted upon on November 9, 2020 and the matter was continued to the Brockton City Council December 28, 2020 agenda. On or about December 7, Terrasol, LLC was advised that two additional applicants were placed on the City Council Agenda to have hearings on December 14, 2020, one of which was White-owned

TILT, Inc. which is a large out of state corporate entity and the other was an incomplete application.

22. The Terrasol, LLC application was then moved up to the December 14, 2020 Brockton City Council Agenda.

23. The matter was then scheduled for the December 28, 2020 Brockton City Council meeting due to the stated objections of Defendants Cruise and Farwell over the item being moved to the December 14 agenda, over the objections of other councilors who stated Terrasol, LLC and its many local supporters were entitled to a decision. Defendants Cruise, Eaniri and Farwell kept opining and debating the issues involved and setting up other councilors to make their points despite claiming to have recused themselves.

24. At the December 28, 2020 meeting the Brockton City Council heard from another applicant owned by TILT, Inc. which was and remains under investigation by the Commonwealth's Cannabis Control Commission (CCC) for controlling more cannabis licenses than permitted by law. The applicants contended the CCC was "slow walking" its approval of their application because of the investigation. Plaintiff Ian Woods of Terrasol, LLC referred the council to his company's earlier presentation and noted that the other applicant owed the city an unpaid balance. Several residents and business owners spoke in opposition to the TILT, Inc. owned applicant, and all who spoke regarding Terrasol, LLC unanimously supported its application.

25. Rather than granting the license to Terrasol, LLC Defendant Councilor Thompson moved and the council voted by a 6-4 margin to seek declaratory relief in the Superior Court and to invite all applicants to submit briefs. On a motion for reconsideration one of the councilors who had supported seeking declaratory relief changed her mind and voted in favor of reconsideration but that failed by a vote of 5-5.

26. To date the Brockton City Council has not served upon Terrasol, LLC a declaratory judgment action nor has the Brockton City Council filed such an action.

27. Without public discussion the Brockton City Council Ordinance Committee recommended favorably an ordinance change which would enlarge the number of cannabis retail licenses in the City of Brockton.

28. The Brockton City Council failed and refused to take a vote on issuance of a license for the only completed application, the only application by a Brockton resident, the only pending application by a Black-owned company and the only pending social equity applicant for a Brockton Cannabis retail license on November 9, 2020 at the close of Terrasol, LLC's hearing when Plaintiffs were the only cannabis retail applicant with a completed application and hearing. Defendant Resnick told the Defendant Brockton City Council that a the TILT Inc.-owned cannabis retail applicant favored by Defendants

Brockton City Council, City of Brockton, and Farwell, Thompson and Eaniri had a "grandfathered" entitlement to the one remaining retail license that the council could grant. Said Defendants successfully pushed for improper and unfair postponement of Plaintiff's application to a December 28, hearing date. Their favored applicant was scheduled to be heard on December 14. After Plaintiffs protested they were placed on the December 14 agenda, only to be rescheduled after further hearing of community supporters in their favor and no opposition, by Defendants Farwell, Cruise, Thompson and Brockton City Council.

29. In 2019 and 2020 the Brockton City Council previously rubber-stamped applications by White-owned companies for cannabis retail licenses while delaying and obstructing the application of the only Black-owned applicant pending at that time.

30. On January 29, 2021 the Massachusetts Cannabis Control Commission granted Terrasol, LLC provisional approval of its state application.

31. The Brockton City Council did not vote on Terrasol, LLC's application which has been properly before it, completed and pending since October 29, 2020 and which has been publicly presented and subject to public comment before the Brockton City Council after a properly noticed public hearing

until a special Brockton City Council Meeting scheduled over a week after the Council was served with Plaintiff's Complaint for Mandamus and Declaratory Relief and held on April 27, 2021. At that meeting the Defendants Brockton City Council granted Plaintiffs and four other applicants, including the above-mentioned TILT, Inc.-owned applicant, cannabis retail licenses. Defendant Eaniri praised TILT and admonished only Plaintiffs and none of the other applicants with expired HCAs to obtain renewal. Defendant Nicastro asked a list of redundant, hostile and intimidating questions to Plaintiffs and some of the other applicants but not the TILT-owned applicant despite saying she was asking all applicants the same questions. She then tried unsuccessfully to attach a deadline for opening to Plaintiff's license where there was no such condition attached to any other license. The questions by Nicastro were given to her by Defendant Farwell despite his claim of having recused himself./

32. From early 2018 through most of 2019 Plaintiff Woods on behalf of Plaintiff Terrasol LLC repeatedly attempted to obtain information and an opportunity to sign a Host Community Agreement with the City of Brockton but was told there were no HCAs available for him while the City of Brockton privately signed HCAs with ten white-owned cannabis retail applicants. Plaintiff's attempts to obtain information about all HCAs and also about liquor licenses in the city pursuant to M.G.L. chapter

66 §10, the Massachusetts Public Records Act, were ignored, obstructed, and met with incomplete and long overdue partial disclosures despite falling into no exemptions in violation of the Act.

33. Plaintiff finally obtained an HCA in the fall of 2019 and executed it on November 20, 2019. Throughout 2020 he made repeated and unsuccessful attempts to obtain and execute a renewed HCA, first being told "the Mayor would not be signing any more HCAs" and enduring several other rebuffs of his efforts while similarly situated White and non-social equity applicants were able to easily obtain assistance, access and revised HCAs with the City of Brockton. When he was finally provided with a revised HCA on November 16, 2020, a week after being told that a TILT, Inc.-owned applicant had a "grandfathered" entitlement to the last remaining cannabis retail license to be approved by the Defendant Brockton City Council, he was the only applicant asked to sign a revised agreement that included a complete waiver of rights to seek court relief in a vastly expanded indemnity section of the agreement.

34. All of these acts followed Plaintiff Ian Woods' approach to the City of Brockton in the fall of 2019 for an application for a cannabis retail license where Defendants' representatives attempted to discourage him from applying by telling him "there is no license for you," and then when he

insisted on applying and paying the three hundred ($300.00) application fee he was told he would need to pay five hundred ($500.00) dollars. This was markedly discrepant from other White-owned applicants who paid the lower amount and were not discouraged from applying or told "there is no license for you."

35. As a result of the racial discrimination by the Defendants in treating Plaintiffs differently than similarly situated and less qualified White and corporate-owned applicants Plaintiffs lost a minimum of twenty thousand ($20,000.00) dollars paid on a lease for a property intended for use as a cannabis retail location, sustained hundreds of thousands of dollars in lost revenue in the delays they have sustained, have incurred thousands of dollars in legal and other professional fees, and have been deprived of the competitive edge their efforts entitled them to in the race between business interests to serve the local cannabis market.

36. Defendants' impermissible and unlawful preference for White-owned, multinational corporate and politically connected applicants over his constituted government placing a huge thumb on the scale of their preferred companies to his detriment causing him to sustain hundreds of thousands of dollars in damages.

**Claim for Relief**

11

## Count I-Mandamus Pursuant to G.L.c 249 §5

37. The Brockton City Council has failed to act on a matter properly before it in an interference with plaintiff's rights and to its detriment.

38. The Brockton City Council is required to act upon Plaintiff's application rather than withholding action until other applicants it wrongly favors in an attempt to pick winners and losers in local business competition to the detriment of Plaintiff are ready to appear before them.

39. Plaintiff is left with no option in order to get the Brockton City Council to take the action it is required to take; that it should have taken by November 9, 2020.

WHEREFORE Plaintiff prays for judgment in the nature of mandamus requiring the Brockton City Council to grant approval of its license effective November 9, 2020.

## Count II-In the Alternative Declaratory Relief Pursuant to G.L.c 231A

40. Plaintiff hereby re-alleges all paragraphs and Count I and restates and incorporates them by reference as if fully set forth herein.

11

12

41. In the event mandamus is unnecessary or unavailable Plaintiff seeks the following Declaratory Relief:

   1. Plaintiff's constitutional and statutory Rights have been violated by the Defendants.

## Count III--Massachusetts Civil Rights Act Violations

42. Plaintiffs hereby reallege all paragraphs of all counts and incorporate them by reference into this count.

43. Plaintiffs have repeatedly attempted to obtain information from Defendants about the HCA and his application for a cannabis retail license but said attempts have been unavailing due to the misconduct of the Defendants.

44. Defendants have wilfully failed and refused to provide Plaintiff with information to which he is entitled.

45. The above-named Defendants have interfered with Plaintiff's constitutional interest in speaking freely about matters involving matters of public interest and his relationship with the Defendant government agency, leaving him intimidated and unable to speak out. Through threats and coercion Defendants interfered with Plaintiff's exercise of his constitutionally protected interest in advocating for himself and his interests in a court with obstructionism, threats and

13

coercion in retaliation for his positions on matters of public interest.

45. Said conduct has rendered Plaintiff afraid to exercise his rights to speak freely and seek redress of his grievances in violation of G.L. c. 12 §11I.

## Count IV-Race Discrimination and Selective Treatment in Violation of Equal Protection of the Laws

46. Plaintiffs hereby reallege paragraphs 1-12;16-28 and 30-35 and Counts I-III and incorporate them by reference into this count.

47. Defendants intentionally, wilfully, recklessly and repeatedly subjected Plaintiffs to starkly discrepant treatment due to race and their politically disfavored status compared to similarly situated parties who received unlawful preference and favorable treatment by the Defendants for race and other impermissible reasons. Defendants engaged in misconduct toward Plaintiff intended to deprive him of due process, his property interests, his credibility with local and state officials, his reputation and his right to be heard in a manner starkly discrepant from their treatment of similarly situated persons who were not Black and further who were impermissibly favored by Defendant public officials.

48. Defendants' repeated selective enforcement of the

law for the benefit of similarly situated persons and against Plaintiffs violated Plaintiffs' rights to equal protection of the laws and the privileges and immunities of citizenship enumerated in U.S.C.A. Const.Amend. 5 and U.S.C.A.Const.Amend.14 on the basis of race and due to their unlawful favoritism of other well-connected applicants over Plaintiffs. Defendants' misconduct against Plaintiffs constituted violations of 42 U.S.C. §1981 and 42 U.S.C. §1983.

### Count V-Conspiracy to Violate Civil Rights/Failure to Remedy Wrongs

49. Plaintiffs hereby re-alleges and hereby incorporate by reference as if fully set forth herein paragraphs 1-12;16-27 and 30-35.

50. Plaintiff was intimidated, obstructed and coerced not to offer testimony or assert his position in a matter in which he was a witness and a party by the misconduct of two or more of the Defendants.

51. Defendants thereby conspired to deprive him of his constitutional rights in violation of 42 U.S.C.A. §1985(2) and (3).

52. Defendants failed and refused to remedy the wrongs they had committed against Plaintiffs in violation of 42 U.S.C.A. § 1986.

15

53.  Plaintiffs have suffered lasting economic harm and a continuing deprivation and destruction of property and dignitary interests as a result.

WHEREFORE Plaintiffs pray for judgment:

1. Awarding Plaintiffs compensatory damages, with interest;

2. Awarding Plaintiffs punitive damages;

3. Awarding Plaintiffs costs, including reasonable attorneys fees, pursuant to 42 U.S.C.§1981, 42 U.S.C.A. §. 1983, 42 U.S.C.A. §1985, 42 U.S.C.§1986, 42 U.S.C. §1988(authorizing suit in this Court) and G.L. c.12 §11I.

4. Granting Plaintiff appropriate injunctive and declaratory relief.

5. Granting such other and further relief as the Court may deem just and proper.

### **Demand for Jury Trial**

Plaintiffs respectfully demand a trial by jury on all issues to the full extent provided by law.

16

                        Respectfully submitted,
                        Terrasol, LLC
                        and
                        Ian Woods
                        By their attorney

BY: <u>/s Elizabeth M. Clague</u>
      Elizabeth M. Clague
      Attorney at Law
      The Kennedy Building
      142 Main Street, Ste 304
      Brockton, MA 02301
      (508) 587-1191
      BBO# 632341

April 27, 2021